Zheng v. Sessions

BIA
Poczter, IJ
A201 139 812

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand eighteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges*,
PAUL G. GARDEPHE,
*District Judge.*[*]

----------------------------------------------------------------------
LIN ZHENG,

*Petitioner*,

v.                                                   No. 14-4350

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,

*Respondent.*[†]
----------------------------------------------------------------------

APPEARING FOR PETITIONER: LEWIS G. HU, Esq., New York, New York.

APPEARING FOR RESPONDENT: ENITAN O. OTUNLA, Trial Attorney (Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Katharine E. Clark, Senior

---

[*] Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

[†] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Litigation Counsel), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Lin Zheng, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on feared religious persecution and forcible sterilization. *See In re Lin Zheng,* No. A201 139 812 (B.I.A. Nov. 5, 2014), *aff'g* No. A201 139 812 (Immig. Ct. N.Y. City Oct. 1, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to grant the petition and remand for further consideration.

Under the circumstances of this case, we review both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, whereby such findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" such inconsistencies go "to the

2

heart of the applicant's claim."   8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 163–64.   Applying these principles here, we conclude that substantial evidence does not support the agency's finding that Zheng did not credibly demonstrate past persecution in China.   Because that adverse determination was the sole basis for its denial of Zheng's petition, remand is required.

First, the record does not support the agency's determination that Zheng's testimony was inconsistent regarding the number of beatings he suffered while detained in China in 2010.  *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (acknowledging that evidence of beatings can suffice to demonstrate past persecution).   Zheng testified that officials beat him ten separate times when dissatisfied with his answers during interrogations on the first day and second-to-last day of his week-long detention.   The agency concluded that this was inconsistent with Zheng's denial on cross-examination to several beatings on a single day.   The record, however, does not support this conclusion. When Zheng was asked, "[s]o, was it several beatings in a day?" he replied, "[s]eparately." C.A.R. 98.   Contrary to the agency's characterization, Zheng's answer did not deny being beaten several times in one day.   Rather, it clarified, consistent with testimony he had already given without prompting from his attorney, that his ten beatings were administered on separate occasions over the course of the specified two days.   Thus, the agency's inconsistency finding as to beatings is not supported by the record.   *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 129 (2d Cir. 2006) (rejecting inconsistency finding based on mischaracterization of petitioner's statements).

3

No different conclusion is warranted by Zheng's written statement that he was interrogated, beaten, and detained by police for one week, with no mention of the number of times he was beaten. The agency faulted Zheng for failing to explain the omission, but that conclusion is belied by the record. When asked why he did not mention ten separate beatings in his written statement, Zheng testified, "I thought just the total of the beating." C.A.R. 99. The agency was not obliged to accept this explanation, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005), but its assertion that no explanation was given indicates that the explanation was not considered, which was error, *see Pavlova v. INS*, 441 F.3d 82, 89–90 (2d Cir. 2006) (holding that where "it is not apparent on the face of the record that the [agency] has considered the applicant's responses to the [agency's] credibility concerns, we do require the [agency] to say enough to allow us to understand, and to review, the reasons for rejecting the applicant's testimony").

Further, contrary to the agency's determination, Zheng consistently testified that, after his departure from China, family planning officials visited his family home regarding family planning matters and police visited regarding his religious practice, which comported with his written application reporting the same. Although Zheng consistently testified that he did not know how often police visited his home after he left China, the IJ repeatedly pressed him as to the frequency of the visits. Then, when Zheng estimated "pretty often" or "two to three times a month," the IJ identified the testimony as inconsistent with Zheng's written application, in which he made no similar statements. C.A.R. 119. Under these circumstances, the omission of estimates from Zheng's written application that he made at the hearing only when pressed cannot support a finding of

4

inconsistency. *Cf. Chung Sai Zheng v. Gonzales*, 440 F.3d 76, 80 (2d Cir. 2006) (concluding that IJ erred in finding that petitioner's modified account conflicted with earlier statements when record revealed that purported conflict resulted from government attorney's confusing questions).

While the agency correctly noted that Zheng's father's letter omitted mention of any police visits, we cannot confidently conclude that this omission alone sustains the agency's adverse credibility determination given the lack of support for other inconsistency findings and the agency's obligation "to evaluate inconsistencies in light of the 'totality of the circumstances.'" *Xiu Xia Lin v. Mukasey*, 534 F.3d at 165 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)); *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

Because the agency concluded that the determined inconsistencies were dispositive of each of Zheng's claims for asylum, withholding of removal, and CAT relief, remand is required as to all three claims.

For the foregoing reasons, the petition for review is GRANTED. The agency's order of removal is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk of Court